## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **Thomas Perez, Secretary of Labor** | ) | |
| United States Department of Labor | ) | |
| (Wage and Hour Division) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| **G & R Gas Services, Inc.,** and | ) | |
| **John Gregory Bostic** Individually and as | ) | |
| President and Owner of **G & R Gas** | ) | |
| **Services, Inc.** and **Ronnie L. Gilbert** | ) | |
| Individually and as Treasurer and Owner of | ) | |
| **G & R Gas Services, Inc.** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor

("Plaintiff"), brings this action to enjoin G & R Gas Services, Inc. and John Gregory Bostic,

individually and as President and Owner of G & R Gas Services, Inc., and Ronnie L. Gilbert,

individually and as Treasurer and Owner of G & R Gas Services, Inc. (hereinafter "the

Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair

Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as

"the Act," and for a judgment against Defendants in the total amount of back wage compensation

found by the Court to be due to any former or current employees of Defendant pursuant to the

Act and for liquidated damages in an amount equal to the back wages found due to the

employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant G & R Gas Services, Inc. ("G&R Gas") is, and at all times hereinafter referenced was, a corporation with a place of business at 713 Claypool Hill Mall Road, Cedar Bluff, VA 24609 which is within the venue and jurisdiction of this Court. This Defendant is a company that provides services pertaining to the maintenance of gas well sites for gas extraction companies.

III.

Defendant John Gregory Bostic is and, at all times hereinafter referenced, was the owner and President of G&R Gas. Defendant John Gregory Bostic does, and at all times hereinafter mentioned did, business in Cedar Bluff, VA as he oversees the daily operation of the business located at 713 Claypool Hill Mall Road, Cedar Bluff, VA 24609, which is within the venue and jurisdiction of this Court. Defendant John Gregory Bostic supervises and directs the work of all the employees of the company and is involved in the hiring, firing, managing and supervising of employees. Defendant John Gregory Bostic has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

Defendant Ronnie L. Gilbert is and, at all times hereinafter referenced, was the owner and Treasurer of G&R Gas. Defendant Ronnie L. Gilbert does, and at all times hereinafter mentioned did, business in Cedar Bluff, VA as he oversees the daily operation of the business located at 713 Claypool Hill Mall Road, Cedar Bluff, VA 24609, which is within the venue and

jurisdiction of this Court. Defendant Ronnie L. Gilbert supervises and directs the work of all the employees of the company and is involved in the hiring, firing, managing and supervising of employees. Defendant Ronnie L. Gilbert has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

V.

1. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of services pertaining to the maintenance of gas well sites for gas extraction companies, ranging from basic cleaning of the site to complex mechanical work, in furtherance of the business purposes of Defendants' unified business entity.

2. At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, such as trucks and heavy equipment that have been moved in or were produced for commerce. Employees regularly travel across state lines to perform work in West Virginia and Pennsylvania. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

VI.

1.     During the period from work week ending October 3, 2014 through work week ending May 29, 2016 ("the investigative period") and continuing through the present time, Defendants employed individuals to provide construction services pertaining to the maintenance of gas well sites for gas extraction companies. The employees listed in the attached Schedule A were and are primarily employed by the Defendants to work in the gas and oil extraction services industry (collectively referred to hereinafter as "Employees") since the work week ending October 3, 2014, which is the time period covered by this Complaint. The Employees were primarily pumpers, mechanics, or laborers. Many of the Employees frequently and on a recurrent basis worked between 48-60 hours and on occasion up to 83 hours per workweek during the investigative period.

2.     During the investigative period, Defendants paid each Employee a day rate for all hours worked, including those hours worked in excess of 40 in a workweek and did not compensate Employees at time and one-half their regular rates of pay when an employee worked over 40 hours, in violation of Section 7 of the Act. The day rates varied by Employee, ranging from $100.00 to $150.00 per day. In workweeks when Employees worked more than 40 hours, Defendants paid them their established day rate for each day worked during the workweek. This day rate compensated Employees for the first ten hours they worked each work day. Employees were then compensated with "overtime" premium pay of one and one-half their regular rates of pay for any hours worked over ten hours in a day.  Employees paid on a day rate basis often worked more than 40 hours in a work week; however, overtime premium pay was only paid when more than ten hours in a day was worked. The day rate was divided by ten to calculate the employer's "overtime" method of payment, which is an improper method for determining the premium pay rate. The correct amount of overtime compensation was not paid per Section 7 of

the FLSA; as such, additional premium pay is due for hours worked in excess of 40 in a work week. The amount of weekly overtime payment owed to each Employee varies depending on the number of hours the Employee actually worked during the period covered by this Complaint.

VII.

As described in Paragraph VI, above, during the investigative period and continuing through the time period covered by this Complaint, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by not compensating Employees for work performed in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

VIII.

As a result of the violations alleged in Paragraphs VI through VII above, amounts are owed for hours worked that were paid at rates less than one and one-half times their regular rates set forth in Section 7 of the Act for the Employees named in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

IX.

1.      The Defendants did not make or maintain records of all the actual hours worked by the Employees each workday and each workweek.

2.      The Defendants have admitted that they did not maintain complete records of daily or weekly hours worked by the Employees.

3.      During the investigative period, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of many of its employees' wages, hours and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that its records failed to show, among other things, the hours worked each day and the total hours worked each week by many of its employees.

## X.

During the investigative period, Defendants continually violated the provisions of the Act as alleged in Paragraphs VI through IX above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

## XI.

A judgment granting recovery of said amounts referred to in Paragraph VIII, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Employees and for liquidated damages equal in amount to the unpaid compensation found due Employees listed in the attached Exhibit A.  Additional overtime compensation and/or liquidated damages may be owed for the time period covered by this Complaint to certain present and former employees who were or continue to be employed by Defendants whose identities are unknown to the Plaintiff;

3.      In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of overtime compensation found due Employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4.      For an Order awarding Plaintiff the costs of this action; and

5.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

/s/Ali Beydoun
Ali Beydoun
Attorney
Bar No. 78150
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
202-693-9370
Beydoun.ali@dol.gov

U.S. Department of Labor

ATTORNEY FOR PLAINTIFF

# Exhibit A

| Last Name | First Name |
|---|---|
| Adams | Clovis |
| Barton | Eric |
| Blankenship | Kenneth |
| Childress | Brandon |
| Combs | Johnny |
| Cooper | James |
| Cruey | David |
| Davis | Reese |
| Dial | Wayne |
| Fletcher | Joseph |
| Hall | Ronnie |
| Hess | Anthony |
| Hess | Donald |
| Hess | Tim |
| Higgins | James |
| Honaker | Jimmy |
| Horton | Randy |
| Houchins | Nicky |
| Hubbard | Shannon |
| Hubbard jr. | Kirby |
| Hughes | Aaron |
| Jackson | Darrell |
| Keen | Joseph |
| Keen | Paul |
| Keen | Ronnie |
| Kiser | Jeffrey |
| May | Robbie |
| McGlothlin | Gabriel |
| Meadows | Brian |
| Meadows | James |
| Miller | Harvey |
| Mills | Sanuel |
| Morgan | Buck |
| Muncy | Larry |
| Percic | Michael |
| Perkins | Ricky |
| Reedy | Phillip |
| Rosborough | Greg |
| Rowe | Anthony |
| Sanders | Terry |
| Schurr | Timothy |
| Shelton | Joseph |
| Short | Danny |

| | |
|---|---|
| Smith | Eddie |
| Smith | James |
| Smith | Timothy |
| Sparks | Jimmy |
| Stiles | Richard |
| Stilwell | Joseph |
| Street | Timothy |
| Whitt | Douglas |
| Wilson | Shawn |
| Witt | Timothy |
| Wright | Jackie |